UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY W. LYNCH, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-00261-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF Nos. 2 & 5<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL OF CLAIMS OR PARTIES;<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, brings this section 1983 case against ten defendants and asserts numerous unrelated claims. ECF No. 1. For the reasons stated below, the complaint cannot proceed in its present form. I will deny plaintiff's motion for appointment of counsel and grant his application to proceed in forma pauperis. ECF Nos. 2 & 5.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's twenty-eight-page complaint is deficient because it contains eight unrelated claims. For instance, his first claim alleges that defendants interfered with his legal mail. ECF No. 1 at 5-6. His second claim bears no relation to the first and alleges that defendants violated

1  his Eighth Amendment rights by falsely imprisoning him with an unwarranted rules violation
2  report. *Id.* at 6-8.  By way of final example, plaintiff's seventh claim implicates a loss of personal
3  property during a cell transfer. *Id.* at 19-20.  Unrelated claims against more than one defendant
4  belong in separate actions. *See* Fed. R. Civ. P. 20(a)(2); *see also George v. Smith*, 507 F.3d 605,
5  607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against
6  Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

7  Plaintiff may file an amended complaint that contains only related claims.  He is advised
8  that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*,
9  693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will
10 need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule
11 220.  Once an amended complaint is filed, the current complaint no longer serves any function.
12 Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each
13 claim and allege each defendant's involvement in sufficient detail.  The amended complaint
14 should be titled "First Amended Complaint" and refer to the appropriate case number.

15 Additionally, I will deny plaintiff's request for appointment of counsel.  Plaintiff does not
16 have a constitutional right to appointed counsel in this action, see *Rand v. Rowland*, 113 F.3d
17 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff.
18 *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).
19 The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The
20 court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d
21 at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in
22 exceptional circumstances.  In determining whether such circumstances exist, "the district court
23 must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to
24 articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113
25 F.3d at 1525 (internal quotation marks and citations omitted).

26 I cannot conclude that exceptional circumstances requiring the appointment of counsel are
27 present here.  The allegations in the complaint are not exceptionally complicated.  Further,
28 plaintiff has not demonstrated that he is likely to succeed on the merits.  For these reasons,

plaintiff's motion to appoint counsel, ECF No. 2, is denied without prejudice. I may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.
2. Plaintiff's request for appointment of counsel, ECF No. 2, is DENIED without prejudice.
3. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will issue findings and recommendations narrowing the complaint to related claims.
4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 5, 2023                    _____
                                          JEREMY D. PETERSON
                                          UNITED STATES MAGISTRATE JUDGE