UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE, | Case No. 2:23-cv-00261-JDP (PC) |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| JEFFREY W. LYNCH, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, has filed a first amended complaint alleging that defendants violated her[1] Eighth and Fourteenth Amendment rights. ECF No. 16. Her allegations do not state a cognizable claim and, as such, I will order that a district judge be assigned to this action and will recommend that this action be dismissed without leave to amend for failure to state a claim.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

---
[1] Plaintiff uses female pronouns in the complaint.

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that, on May 14, 2022, she was in line to receive her medication from defendant Lopez. ECF No. 16 at 6. Lopez offered plaintiff her medication but said she would give it to her only on the condition that she take it with water. *Id.* Plaintiff refused, maintaining that her medication was designed to dissolve under the tongue. *Id.* After arguing with Lopez to no avail, plaintiff returned to her cell without receiving her medication. *Id.*

Two hours later, plaintiff was called from her cell by another correctional officer and informed that Lopez had filed a battery disciplinary against her for trying to take the medication from his hand. *Id.* at 7. Plaintiff alleges that this charge was false, but that the officers responsible for informing her of the charges, including defendant Hibbard, refused to review video footage that would have exonerated her. *Id.* Plaintiff was eventually taken to

administrative segregation, where she spent sixty-eight days. *Id.* at 7-8. There, she went on hunger strike for fifty-five days, before a hearing officer found her not guilty of battery. *Id.* at 8-9. Plaintiff vaguely alleges that she believes that the false battery accusation was undertaken in retaliation for certain unspecified civil rights litigation. *Id.* at 9.

These allegations, taken as true, do not state a cognizable claim. There is no constitutional protection from false prison disciplinary charges. *See Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d Cir. 1986) ("[A] prison inmate has no constitutionally guaranteed immunity from being falsely accused of conduct which may result in the deprivation of a protected liberty interest."); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same). The Ninth Circuit has affirmed district court decisions citing these cases. *See Muhammad v. Rubia*, 2010 U.S. Dist. LEXIS 39818, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), *aff'd*, 453 F. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted). Plaintiff was exonerated in her disciplinary hearing and, thus, has no claim that her procedural protections were inadequate in that respect.

While plaintiff does briefly allege that the false disciplinary was retaliatory, her allegations are insufficient to state a First Amendment claim. She does not allege how she knew Lopez's disciplinary was undertaken in retaliation for her litigation, rather than because of their argument earlier that day. Nor does she allege how Lopez knew of her litigation or why he would have been motivated to retaliate against her because of it.

Finally, nothing in the complaint indicates that any defendant used excessive force against the defendant. Her argument with Lopez did not result in violence and, while she undoubtedly suffered physically during her hunger strike in administrative segregation, no defendant forced her to undertake that strike.

I conclude that further leave to amend is unwarranted, as only changing the fundamental nature of the claims at issue would permit this action to move past screening.

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that the Amended Complaint, ECF No. 16, be DISMISSED without further leave to amend and for failure to state a claim.

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that the Amended Complaint, ECF No. 16, be DISMISSED without further leave to amend and for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 8, 2023                           _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE