UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY LYNCH, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-0261-TLN-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner proceeding *pro se*, brings this action alleging that defendants violated her[1] rights under the Eighth and Fourteenth Amendments.  ECF No. 16.  On June 9, 2023, I found that her amended complaint failed to state a cognizable claim against any defendant and recommended that it be dismissed without leave to amend.  ECF No. 17.  Those recommendations were adopted over plaintiff's objections.  ECF Nos. 18 & 19.  After appeal, the Ninth Circuit reversed, holding that, although the substantive analysis finding no cognizable claim was correct, plaintiff had not been given adequate notice and an opportunity to correct the defects in the complaint.  ECF No. 25 at 2.  This screening order, which dismisses the amended complaint with leave to amend, shall serve as that notice and opportunity.

---

[1] Plaintiff uses female pronouns in the complaint.

1

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that, on May 14, 2022, she was receiving her medication from defendant Edgar Lopez. ECF No. 16 at 6. Defendant Lopez was only willing to administer plaintiff's suboxone medication if she took it with water, and plaintiff maintained that she could not drink before or after ingesting the medication. *Id.* Instead, plaintiff insisted that the medication was to

2

1   be absorbed under her tongue without water. *Id.* Unable to obtain an accommodation, plaintiff
2   ultimately left without taking her medication and returned to her cell. *Id.* at 6-7.

3   Later, defendant Ayala, a correctional officer, accused plaintiff of battery for trying to
4   take the medication from Lopez's hand—a charge plaintiff denied. *Id.* at 7. Defendant Hibbard,
5   another correctional officer, told her to submit to handcuffs. *Id.* Thereafter, plaintiff spent sixty-
6   eight days in administrative segregation. *Id.* She claims that Lopez was the architect of the false
7   allegation and that the correctional officer defendants gave him free reign to author false evidence
8   concerning their encounter. *Id.* Plaintiff vaguely outlines her suspicion that the disciplinary
9   violation report was retaliation for unspecified civil rights lawsuits she brought against other,
10  unnamed staff. *Id.* at 9. She states that two defendant officers, Leckie and Pongyan, told her that
11  this is "what happens when you sue us," but she does not allege that these officers were behind
12  the false disciplinary that, earlier in the complaint, she attributed entirely to Lopez. *Id.* at 10.
13  Plaintiff undertook a hunger strike for fifty-five days and was ultimately exonerated of battery in
14  disciplinary hearings. *Id.* at 8-9.

15  With respect to defendant Lynch, plaintiff alleges only that he has "allowed" his staff to
16  harass and retaliate against her. *Id.* at 10. Plaintiff also states that Lynch destroyed the
17  disciplinary file after she was exonerated, though she does not state how this action harmed her.
18  *Id.*

19  These allegations, as I previously found and as confirmed by the Court of Appeals, do not
20  state a cognizable claim. As an initial matter, there is no constitutional right to be free of false
21  disciplinary proceedings. *See Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d Cir. 1986) ("[A]
22  prison inmate has no constitutionally guaranteed immunity from being falsely accused of conduct
23  which may result in the deprivation of a protected liberty interest."); *Sprouse v. Babcock*, 870
24  F.2d 450, 452 (8th Cir. 1989) (same); *see also Muhammad v. Rubia*, 2010 U.S. Dist. LEXIS
25  39818, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), aff'd, 453 F. App'x 751 (9th Cir.
26  2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly
27  accused of conduct which may result in the deprivation of a protected liberty interest. As long as
28  a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a

1 fabricated charge fail to state a claim under § 1983.") (internal citation omitted).  And given that
2 plaintiff was exonerated in her disciplinary proceedings, there can be no claim that she was not
3 afforded adequate process in that hearing.[2]

4      Plaintiff alleges that the disciplinary action may have been retaliatory, but she has failed to
5 allege any facts tying this retaliation to any defendant.  Her claim that Leckie and Pongyan made
6 an offhand comment about "what happens when you sue us" might indicate the possibility of
7 retaliation, but there is no allegation that these officers were behind the false disciplinary report or
8 that Lopez, who is alleged to be the mastermind behind the battery charge, was motivated by
9 anything other than the dispute that occurred at pill-call (which does not implicate protected
10 conduct).

11      Plaintiff's Eighth Amendment claim fails because there is no allegation that excessive
12 force was used against her.  And she alleges that the hunger strike was undertaken of her own
13 volition; there is no claim that any defendant denied her food.

14      Finally, plaintiff's supervisory claims against Warden Lynch fail because her vague
15 allegation that he "allowed" staff to retaliate against her and violate her rights is insufficient.  To
16 sustain a section 1983 claim against a supervisory defendant, a claimant must allege either that
17 official was personally involved in the alleged rights violation or knew of the violations and failed
18 to prevent them.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only
19 liable for constitutional violations of his subordinates if the supervisor participated in or directed
20 the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat
21 superior liability under section 1983.").  The vague allegation that a supervisor allowed
22 misconduct, without some alleged facts that, taken as true, show that they knew of the specific
23 wrongdoing, is insufficient.

24      Plaintiff may file an amended complaint that cures these deficiencies.  Plaintiff is advised

---

26 [2] Plaintiff does allege that, because of her hunger strike, she has been "taking medication for her pain and suffering."  ECF No. 16 at 10.  Her hunger strike, however, was self-imposed and
27 cannot be attributed to any of the named defendants.  I recognize that she vaguely alleges that, without the hunger strike, she would not have been exonerated, *id.* at 9, but the complaint does
28 not explain how this is the case.

that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 16, is dismissed with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:  December 9, 2024                       _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE