UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br>Plaintiff,<br>v.<br>JEFFREY LYNCH, *et al.*,<br>Defendants. | Case No. 2:23-cv-0261-TLN-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendants violated her[1] First Amendment rights by retaliating against her for filing federal lawsuits against correctional officers. Defendants have filed a motion for summary judgment, ECF No. 56, plaintiff has filed an opposition, ECF No. 63, and defendants have filed a reply, ECF No. 65. After review of the pleadings, I recommend that defendants' motion be granted. Additionally, I will deny plaintiff's motion for a ninety-day extension of time to "file any motion or discover (sic) processes." ECF No. 66 at 1. The deadlines for pretrial motions has expired, *see* ECF No. 54, as has the deadline for discovery, ECF No.45.

[1] Plaintiff uses female pronouns in her complaint.

Legal Standards

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*

*Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

<u>Background</u>

Plaintiff's complaint implicates several instances of alleged retaliation after filing federal lawsuits against correctional officers.

First, she alleges that, while she was incarcerated at California State Prison-Sacramento, defendant Lopez, a psychiatric technician, retaliated against her on May 14, 2022, by filing a false report of battery on a non-prisoner against her. ECF No. 31 at 7. This false allegation of battery purportedly arose out of a dispute over medication. Specifically, defendant Lopez gave plaintiff a medication called Suboxone, and she refused to take it. *Id.* Shortly thereafter, plaintiff claims that she was called out of her cell and charged with battery. *Id.* at 7-8.

Second, plaintiff alleges that, after the incident with Lopez, defendant Hibbard, a

correctional officer, put her in handcuffs and informed her that she would be going to administrative segregation. *Id.* at 8. Hibbard allegedly told plaintiff during the escort that "you need to stop with your complaining and writing thing[s] up." *Id.*

Third, plaintiff alleges that, while she was in administrative segregation, defendant Pongyan spoke with her about her disciplinary issues and told her that "you should know what will happen to you when you sue us, I don't need to do it myself I can just have someone set you up for me mistup [sic] your [w]hole lawsuit and make your property disappear from your property." *Id.* at 10. Plaintiff also claims that, during her time in administrative segregation, Pongyan interfered with her property, legal visits, legal calls, and legal mail. *Id.* at 11.

Fourth, with respect to Warden Lynch, plaintiff alleges that he failed to correct his staff's retaliation, even after prison grievances were filed that raised the alleged misconduct. *Id.* at 12.

<u>Analysis</u>

I. Failure to Exhaust Administrative Remedies

Defendants argue that plaintiff failed to exhaust her claims against defendants Hibbard and Pongyan. I agree. The parties agree that plaintiff filed six grievances related to the allegations:

- **Grievance No. 255230** alleged that correctional staff were tampering with plaintiff's mail. ECF No. 58 at 25.
- **Grievance No. 259113** describes the incident with defendant Lopez that led to the battery charges. It mentions defendant Hibbard, but alleges only that this officer was the one who told her to cuff up. *Id.* at 56.
- **Grievance No. 261204** alleges that unspecified correctional staff harassed and retaliated against plaintiff because of her lawsuits and grievances. *Id.* at 75. She states that she has undertaken a hunger strike and, at some point after being transferred to administrative segregation, defendant Hibbard told her that a captain named Cross would see her to talk about the strike. *Id.* No captain ever came to see her, however. *Id.*
- **Grievance No. 271368** alleges that unspecified correctional staff are trying

to prevent plaintiff from litigating her court cases. *Id.* at 138.

- **Grievance No. 278662** alleges that plaintiff did time in administrative segregation for the aforementioned battery offense. *Id.* at 178. She claims that, in a disciplinary hearing, she was found not guilty of the offense. *Id.* Plaintiff claims that, because of the charges, she lost pay from her job as a porter and now requests damages. *Id.*
- **Grievance No. 311410** alleges that unnamed officers have failed to process outgoing mail and to deliver incoming mail. *Id.* at 282.

In her deposition, plaintiff indicated that these six grievances encompass all of her relevant grievances. ECF No. 56-3 at 18-22. Based on the foregoing, I find that plaintiff failed to exhaust her claims against defendants Hibbard and Pongyan. The Prison Litigation Act ("PLRA") requires a prisoner plaintiff to exhaust all administrative remedies for a grievance before filing a lawsuit. *See* 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532(2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Grievances must provide prison staff with adequate notice of the issues they seek to redress. *See Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (a prison grievance must put "the prison on adequate notice of the problem for which the prisoner seeks redress").

Here, although Hibbard is named in two grievances, none of the filings allege that Hibbard retaliated against plaintiff after the incident with Lopez. And none of the grievances raise any retaliatory claim against defendant Pongyan. In her reply, plaintiff argues that grievance number 271368 should serve to exhaust against these defendants, but, as described above, that grievance only generally alleges that unspecified staff have tried to frustrate her litigation. ECF No. 63 at 25. This is insufficient to alert prison staff to the specific problem. And even if she did not know the defendants' names at the time this grievance was filed, she might have attempted to provide some other identifying information, such as rank or time of interaction, that would have allowed staff to identify the officers against whom the grievance was directed.

II. Retaliation Claims against Lopez

To sustain a First Amendment retaliation claim, a prisoner must show that "(1) . . . a state actor took some adverse action against [her] (2) because of (3) [her] protected conduct, and that such action (4) chilled the . . . exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, defendants argue that plaintiff has failed to present any evidence that defendant Lopez retaliated against her because of any protected conduct. I agree. In his declaration, Lopez states that he had no knowledge of plaintiff's lawsuits on the date of the battery incident and, indeed, had no awareness of her at all before the incident in question. ECF No. 57-1 at 2. When asked at her deposition what evidence she had that Lopez's action were retaliatory, plaintiff offered only the text of the rules violation report she received and "[b]ecause it doesn't make sense for Lopez" to have falsely accused her otherwise. ECF No. 56-3 at 13, 23. But the rules violation report itself provides no evidence of any retaliatory motive. It alleges that, after plaintiff refused to follow medication protocol, Lopez attempted to step away and plaintiff grabbed his hand. ECF No. 57-1 at 5. And plaintiff's contention that the interaction "doesn't make sense" otherwise, is insufficient. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claims cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., 'after this, therefore because of this').

Nothing in plaintiff's reply changes this analysis. There, she claims that the totality of the circumstances, including unrelated retaliatory actions by other prison staff, the timing of the rules violation report, and procedural abnormalities in the assessment of the disciplinary all point to evidence of retaliatory intent. ECF No. 63 at 11-14, 16-17. I disagree. Unrelated claims of beatings by other staff and purported dislike of plaintiff by Warden Lynch do not make it more likely that Lopez acted with retaliatory intent. As noted above, the timing of an adverse action, standing alone, does not suffice to establish retaliatory motive. And the procedural abnormalities identified by plaintiff—Lopez's failure to immediately activate his alarm, his overtime hours in a building that he had not worked before, deviations in medication distribution protocol—do

nothing to establish the necessary intent. There are numerous, anodyne reasons why protocol might not be followed to the letter. Moreover, in the same breath, plaintiff claims that the other defendants, who purportedly orchestrated Lopez's actions, have knowledge of "sophisticated retaliation tactics" and "[d[epartmental insight." *Id.* at 16. Logically, this alleged sophistication makes these procedural abnormalities less likely, not more. Defendant Lopez is entitled to summary judgment.[2]

III. Retaliation Claims Against Lynch

Lastly, plaintiff's retaliation claim against Lynch fails because there is no evidence he was engaged in or personally aware of the alleged retaliation against her. There is no respondeat superior liability in a section 1983 action. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a supervisor is liable only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* In her deposition, plaintiff stated that the basis for her claims against Lynch is that he was the individual who responded to and, ultimately, denied her grievances concerning retaliation. ECF No. 56-3 at 14. But merely denying a grievance does not, without more, implicate a supervisor in the underlying claim. *See Kilaulani v. Sequeira*, No. 1:09-cv-1407, 2012 U.S. Dist. LEXIS 113678 *12-13 (D. Haw. Aug. 13, 2012) (collecting cases); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") (internal citations omitted). Here, where there is no other evidence of personal involvement, plaintiff's claim that Lynch denied her grievances is insufficient to sustain a retaliation claim against him.

<u>Conclusion</u>

Accordingly, it is ORDERED that plaintiff's motion for extension of time, ECF No. 66, is DENIED.

Further, it is RECOMMENDED that defendants' motion for summary judgment, ECF No.

---

[2] To the extent plaintiff alleges that the "false" rules violation report itself is violative of her rights, she is incorrect. *See Garrott v. Glebe*, 600 F. App'x 540, 542 (9th Cir. 2015) ("Nor has Garrott shown that it is clearly established federal law that a prisoner has a right to be free from false accusations.").

56, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE